IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | |
|---|---|
| GREGORY VALENTINE ) | |
|     Plaintiff, ) | |
| v. ) | Civil Action No. 1:18-cv-00021 |
| ) | Judge Campbell/Frensley |
| HELEN FORD, ET AL ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

### BACKGROUND

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983. Docket No. 1. In his Complaint, Plaintiff sued numerous Defendants, including employees of the Tennessee Board of Parole, and the Board itself.[1] *Id.* Plaintiff's Complaint seeks declaratory, injunctive, and monetary relief. *Id.*

The Court granted the Tennessee Board of Parole's Motion to Dismiss in this matter on November 22, 2019. Docket No. 27. On August 5, 2021, the Court entered a show cause order for Plaintiff to explain why his Complaint should not be dismissed for failure to prosecute given that nothing has been filed by the Plaintiff since August 23, 2019 in this action. In response to the show cause order Plaintiff updated his address and filed a Motion for Extension of Time to respond to the show cause order. Docket Nos. 29 and 30. Plaintiff's motion in its entirety stated: "[m]otion for extension of time (requesting extension, to obtain counsel in this matter". (sic) Docket No. 30. The Court granted Plaintiff a final extension until September 3, 2021 to obtain counsel and respond

---

[1] Plaintiff actually named as a Defendant the "Tennessee Board of Probation and Parole," an entity which has not existed since 2012; the correct title is now the "Tennessee Board of Parole."

to the show cause order. Docket No. 31. On September 3, 2021, Plaintiff sent a letter to the Court again requesting additional time to obtain counsel. Docket No. 32.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a Plaintiff to prosecute the claim or comply with the Rules or any order of the Court. *Schafer v. City of Defiance Police Department*, 529 F. 3d 731, 736 (6th Cir. 2008)(*citing Knoll v. AT & T*, 176 F. 3d 359, 362-3 (6th Cir. 1999)); *Carpenter v. City of Flint*, 723 F. 3d 700, 704 (6th Cir. 2013)("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."). Similarly, this Court's Local Rules provides that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." Local Rule 41.01(a)(dismissal for unreasonable delay. Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F. 3d at 736 (*quoting Knoll*, 176 F. 3d at 363).

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply

in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F. 2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F. 2d 382, 385 (5th Cir. 1978).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the Court. *See, Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir., 1991). "[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

When a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more favorably than a party who is represented. *Id.* Additionally, Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the party seeking relief." *Link v. Wabash Railroad Co.*, 370 U. S. 626, 630 (1962).

This is not a case of a plaintiff simply filing documents past deadlines or filing inadequate briefs. *See Mulbah v. Detroit Bd. of Educ.*, 261 F. 3d 586, 593-94 (6th Cir. 2001) (finding that the district court abused its discretion by granting a motion to dismiss for failure to prosecute). Giving due consideration to each of the factors, the Court finds that dismissal for failure to prosecute is an appropriate and necessary sanction, as no alternative sanction "would protect the integrity of pre-trial procedures." *Carter v. City of Memphis*, 636 F. 2d 159, 161 (6th Cir. 1980).

**B.     The Case at Bar**

On July 22, 2019 a Report and Recommendation ("R & R") was issued by the Magistrate

3

Judge in this matter recommending that the Tennessee Board of Parole be dismissed from this action for failure to state a claim. Docket No. 24. The Plaintiff filed his objections to the R & R on August 2, 2019. Docket No. 25. Plaintiff updated his address with the Court on August 22, 2019. Docket No. 26. On November 22, 2019, the Court issued an Order adopting the Magistrate Judghe's Report and Recommendation that the Tennessee Board of Parole be dismissed from this action. Docket No. 27. No further action was taken in this matter until the filing of the show cause order on August 5, 2021. Docket No. 28.

The undersigned finds that dismissal under Rule 41(b) Fed. R. Civ. P. is appropriate because the four relevant factors, considered under the "relaxed" standard for dismissal without prejudice show a record of delay, refusal to advance the case and failure to comply with the Court's orders.

With respect to the first factor, Plaintiff has failed to take any action to advance this litigation in almost two years. Apart from requesting copies of the docket sheet and asking for appointment of counsel, it does not appear that the Plaintiff has taken any action with respect to this litigation. These failures show willfulness or fault.

As to the second factor -prejudice to the defendants- they have been parties to this litigation notwithstanding Plaintiff's failure to take action. A "defendant cannot be expected to defend an action, that Plaintiff has apparently abandoned, not to mention the investment of time and resources expending to defend this case." *Miles v. Sheffield*, 2009 WL 3497794, at *2 (E. D. Mich. October 28, 2009)(internal quotations marks and citations omitted). While the Defendants have not been forced in invest time and resources to defend this case, they are still named parties to a federal lawsuit. All parties have a right to a just and prompt resolution to their cases. The failure to advance litigation, as the Plaintiff has here, prejudices the parties and reflects the type of

4

Case 1:18-cv-00021   Document 33   Filed 09/15/21   Page 4 of 6 PageID #: 169

situation where the Court should intervene.

The third and fourth factors likewise weigh in favor of dismissal. Here, the Plaintiff was warned that his failure to cooperate in this litigation through the show cause order could result in a recommendation that his case be dismissed. Likewise, the less drastic sanction of dismissal without prejudice is appropriate here. The Plaintiff's response to the show cause order is affectively not a response. This matter has been pending since March 12, 2018. Docket No. 1. The Plaintiff has previously sought and been denied appointment of counsel. Docket No. 12. And he has had in excess of three years to obtain counsel but failed to do so. The Court nonetheless allowed him yet another extension of time in order to do so and he has once again failed. Plaintiff has provided no explanation why he has been unable to obtain counsel if he believed that was necessary to prosecute this case in the more than three years it has been pending. More importantly, he has failed to explain why he has taken no action in this case since filing his notice of address change on August 22, 2019 or done anything to advance this litigation in that time period.

Because all four factors weigh in favor of dismiss the undersigned recommends that this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**